KOONTZ, EXECUTOR, *v.* HUBLEY, A MINOR, ET AL.

*Wills—Money bequest not charge upon realty devised, when.*

A money bequest in a will will not be construed to be a charge on real estate specifically devised in other items of the will, unless the intention of the testator to so charge the realty clearly and satisfactorily appears or is clearly deducible from the language and dispositions of the will.

(Decided November 26, 1923.)

APPEAL: Court of Appeals for Hamilton county.

*Messrs. Powell & Smiley,* for plaintiff.
*Messrs. Mackoy & Mackoy* and *Messrs. Roettinger & Street,* for defendants.

HAMILTON, J.   The executor of the last will and testament of Samuel A. McCune, deceased, filed his action in the court of Common Pleas of Hamilton county to sell the real estate belonging to the estate of the decedent for the purpose of paying the debts of the estate and the costs of administration, and so forth, and incidental thereto asked for a con-

Wills, 40 Cyc. p. 2028.

struction of certain items of the will of the decedent.

The trial court granted the order of sale of the real estate, and construed the disputed parts of the will. From that decision, the defendant, Samuel McCune Hubley, a minor, and a devisee under the will, appeals to this court.

The parties filed here an agreed stipulation of facts, the substance of which relates only to the death of the decedent, the naming and qualifying of the executor, the necessity of selling the real estate to pay debts, and that the deceased was the owner of the real estate in question.

It is conceded that it is necessary to sell the real estate to pay the debts.

The only question before this court is the construction of certain disputed items in the will.

The will, in several items, disposes of keepsakes, paintings and specific household goods, and personal property. The particular items for construction here are as follows:

"Item No. 3. To my friend Henry Warren Koontz, now residing at 112 West 65th Street, Cincinnati, Ohio, in consideration of his long and faithful services to my deceased wife and to myself extending over a period of more than twenty (20) years, I give, bequeath and devise $2,000.00 Two Thousand Dollars to be paid him within six (6) months after my death. Should he die before me, then to be paid to his wife, Helen Wagoner Koontz.

"Item No. 6. All the property both real and personal of every kind and description wheresoever situated which I own at the time of my decease not heretofore devised including the property at the North East Corner of Ann Street &

Central Avenue, Cincinnati, Ohio, which was devised to me by my deceased wife, to my grandson Samuel McCune Hubley, a minor now residing with his father at 1053 Cherokee Road, Lousiville, Kentucky.

"Item No. 8. It is my desire and wish that my grandson Samuel McCune Hubley shall accept the Ann Street property as it now stands and release any claim whatsoever against the Daniel McLaren, Sr., estate and against any of the heirs or legatees of Daniel McLaren, Sr."

The real question presented is whether or not the $2,000 legacy bequeathed by Item 3 to Henry Warren Koontz is a charge upon the real estate devised in Items 6 and 8.

We approach a consideration of the question under the well-established rule of construction pronounced by the Supreme Court of Ohio, and reported in the case of *Knepper* v. *Knepper, Exr.,* 103 Ohio St., 529, at page 537, as follows:

"It is of course conceded that the cardinal rule of testamentary construction is to ascertain and give effect to the intention of the testator unless he has attempted to make a disposition contrary to law or public policy. And where there are doubtful clauses in the will, the court in determining the meaning that the testator intended it to have will not be controlled entirely by general rules or by judicial decisions in cases apparently similar, but will interpret them reasonably in the particular case. *Moon, Admr.,* v. *Stewart,* 87 Ohio St., 349.

"This is a salutary rule, because it is seldom that two wills present precisely the same question, and all rules and presumptions must yield to the paramount intention of the testator where that may

be ascertained from the language used by him. And the question whether legacies are to be charged on real estate depends on the terms and provisions of the particular will under consideration. All authorities agree (40 Cyc., 2014) that 'The intention to charge legacies on real estate must clearly appear or be clearly deducible from the language and dispositions of the will. It is not necessary that the charge shall be made in express terms or that any particular language shall be used. * * * But the court will not construe a will as charging legacies upon real property, and particularly upon real property specifically devised, unless such an intention clearly and satisfactorily appears.' * * *

"Where the intention is not clear, it is proper to consider the condition and extent of the estate, and whether the testator had, or supposed he had, *sufficient undisposed* of personal or real property to pay all legacies, and, if so, the presumption is that he intended that the legacies should be paid from that property."

Undoubtedly were we permitted to consider the condition and extent of the estate at the time of the execution of the will, we would be aided in arriving at the intention of the testator, but since there is no evidence other than the stipulation of facts above referred to we have no information as to the condition and extent of the estate, and as to whether or not the testator supposed he had sufficient undisposed of personal or real property to pay all legacies. The construction to be placed upon the items must, therefore, be upon a consideration of the terms of the will alone.

Item 3 shows an express consideration for the

legatee, Henry Warren Koontz, and he devises to said legatee $2,000, to be paid within six months after his death. This is the only money bequest in the will.

Item 6 is a residuary clause, devising all of the property "not heretofore devised," and specifically mentions a certain piece of real estate, locating it particularly, and mentioning the fact that this piece of real estate was devised to him by his deceased wife, the residuary legatee being his grandson, the minor defendant in this case. That the real estate devised is mentioned in the *residuary item* would not in itself defeat the specific character of the devise. 40 Cyc., 1871-1877; 2 Alexander on Wills, pages 974-975; 28 Ruling Case Law, page 297, and cases therein cited.

Were the intention of the testator to be gathered from Items 3 and 6 alone, we would have grave doubt as to whether or not the bequest of $2,000 was a charge upon the real estate. But when we consider Item 8 in connection with Item 6, we do not think there can be any doubt as to the intention of the testator to make a specific bequest of the property. The two items taken together, Item 6 and Item 8, seem to show conclusively that the testator specially desired his grandson to have the Ann street property, which had come to him from his deceased wife. In Item 8 he emphasized that desire by stating that his grandson should take the property, and release any claim that may stand in connection therewith against the McLaren estate, heirs or legatees. There are no express words in Item 3, or anywhere in the will, to indicate that he intended the $2,000 bequest to be a charge on the real estate. The language used leads

to the conclusion that the testator at the time of the execution of the will thought that he had sufficient other property out of which the bequest in Item 3 could be paid; that by Item 6 and Item 8 the testator specifically devised the real estate in question to the grandson; and that the devise of $2,000 to Koontz, under Item 3, was not intended to be a charge thereon.

*Decree accordingly.*

CUSHING and BUCHWALTER, JJ., concur.